PER CURIAM.
We affirm, and write only to forestall subsequent relitigation of the issues resolved on this appeal. In brief, this was an action to enforce a reverter contained in two deeds. Those deeds conveyed land in Broward County to the State of Florida with the proviso that it “shall be used and devoted solely and exclusively for State Park purposes; ...” The land thereafter came to be known by the name of the grantor: Hugh Taylor Birch State Park. Any subsequent reverter was to accrue to the grantor’s estate. By virtue of the will of the grantor, now deceased, Antioch College, as residuary beneficiary, became entitled to any interest which might subsequently revert under the terms of the two grants.
After several years of skirmishing in the trial court a jury was called upon to decide whether any one or more of the following described activities violated the terms of the original grant:
1. Storm water outfall pipes;
2. Use or structures of the Garden Club or refreshment building;
3. The Florida Department of Transportation trailer;
4. Powerlines;
5. Water main; and
6. The landfill or “dump” operation.
The jury found that the state did not violate the “sole and exclusive use” provision. Final judgment was entered accordingly.
In earlier litigation, Hanna v. Sunrise Recreation, Inc., 94 So.2d 597 (Fla.1957), the supreme court approved, subject to a condition no longer relevant, certain uses of the *916 land in Hugh Taylor Birch State Park as not violative of the exclusive use provision. As to those uses and the uses considered by the jury in this case, there should be no occasion for attempting in the future to relitigate the possibility of reverter.
AFFIRMED.
HERSEY, GLICKSTEIN and KLEIN, JJ., concur.